PER CURIAM:
The above-captioned claims arise from the same factual situation. The claimants seek compensation for overtime worked as verified by the West Virginia Department of Health and certified by the West Virginia Department of Labor for fiscal years 1975-76, 1976-77, and 1977-78.
In its Answers, the respondent asserts that sufficient funds expired in fiscal year 1975-76 and fiscal year 1977-78 had payment been made to the claimants; however, in fiscal year 1976-77, there were NOT sufficient funds on hand at the close of that fiscal year from which those portions of each claim could have been paid.
Respondent cites in support of its denial of the claims for fiscal year 1976-77 the decision of this Court in Airkem Sales and Service, et al. v. Department of Mental Health, 8 Ct. Cl. *278 180 (1971). The Airkern decision is based upon West Virginia Code 12-3-17, which prohibits any State officer from authorizing or paying any account incurred during any fiscal year out of the appropriation for the following year.
In the decision of Elva B. Petts and James M. Preston vs. Division of Vocational Rehabilitation, Claim Nos. D-927d and D-927Í, this Court held that personal services will not be denied, based upon the theory applied in over-expenditure claims for merchandise, as the balance in the prsonal services account is immaterial. The Court relied upon the recent Supreme Court case of State ex rel. Crosier v. Callaghan _ W.Va._, 236 S.E. 2d 321 (1977), wherein that Court held that “to the extent that retroactive liability for unpaid wages is incurred against an employer, it is incurred at the time liability is determined.”
The Court therefore finds the respondent, the Department of Health, liable for the overtime worked by each of the claimants, and makes awards as follows: $6,975.46 to Carl L. Baker, Jr., $6,798.78 to H. M. Curry, and $5,488.05 to Jack L. Rader.
Awards of $6,975.46 to Carl L. Baker, Jr.
$6,798.78 to H. M. Curry
$5,488.05 to Jack L. Rader